UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | : |
| Plaintiff, | : |
| v. | : |
| ABC 31ST STREET INC. d/b/a ABC DEALS; ASTORIA 99C INC. d/b/a PICK 99C; AHMAD PERWAIZ, individually; HASSAN PERWAIZ, individually; MOHAMMED PERWAIZ, individually; | No. 1:22-CV-3920<br><br>**COMPLAINT** |
| Defendants. | : |

----------------------------------------------------------------------

## **INTRODUCTION**

1. Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action pursuant to the authority granted by Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 217, 29 U.S.C. § 201, *et seq*. (the "Act" or the "FLSA") to restrain Defendants from retaliating against employees and obstructing the Secretary's investigation of violations of the Act in violation of Sections 15(a)(3) and 11(a) and of the FLSA, 29 U.S.C. §§ 215(a)(3), 211(a). Since the initiation of the investigation, Defendants have embarked on an ongoing campaign of ever-increasing interference and witness intimidation. Most recently, Defendants escalated their retaliation and obstruction by pressuring employees to sign letters, written by Defendants themselves, that falsely state that employees do not work overtime hours to mislead the Department of Labor (the "Department").

2. The Secretary is charged with investigating employers to ascertain their compliance with the minimum wage, overtime, and recordkeeping requirements set forth in the FLSA.

1

Defendants have unlawfully retaliated against employees for engaging in protected activity, and interfered with and obstructed the Secretary's investigation of violations of the Act with respect to Defendants' payment practices. Defendants' conduct undermines the Secretary's ability to fulfill his statutory obligation to fully investigate Defendants' compliance with the Act.

3. Accordingly, the Secretary brings this action to enjoin Defendants and those acting on their behalf from further acts of retaliation, interference, and obstruction, , including threatening employees, coercing employees to lie to the Department, and dissuading employees from engaging in protected activity; and other appropriate relief.

## JURISDICTION AND VENUE

4. Jurisdiction over this action is properly conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

5. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred within this District, specifically, in Queens County.

6. Section 11(a) of the FLSA empowers the Secretary to investigate the wages, hours, and practices of employment, to enter and inspect such places of employment, to question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person or employer has violated any provision of the FLSA. 29 U.S.C. § 211(a).

7. Section 15(a)(3) of the FLSA provides, in relevant part, that it shall be unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or

2

related to this chapter, or has testified or is about to testify in any such proceeding. 29 U.S.C. § 215(a)(3).

## FACTUAL ALLEGATIONS

### The Parties

8. Plaintiff, MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, is vested with authority to sue to restrain violations of the FLSA and is the proper plaintiff for this action.

9. Defendant ABC 31ST STREET INC. d/b/a ABC DEALS ("ABC Deals") is a corporation organized under the laws of the State of New York, having its principal office at 21-51 31st Street, Astoria, NY 11105, within the jurisdiction of this Court.

10. Defendant ASTORIA 99C INC. d/b/a PICK 99C ("Pick 99C") is a corporation organized under the laws of the State of New York, having its principal office at 21-13 31st Street, Astoria, NY 11105, within the jurisdiction of this Court.

11. Defendant AHMAD PERWAIZ ("Ahmad") is the 100% owner and president of Pick 99C.

12. Defendant HASSAN PERWAIZ ("Hassan") is the 100% owner and president of ABC Deals.

13. Defendant MOHAMMED PERWAIZ ("Mohammed") is the manager for both Pick 99C and ABC Deals.

14. Defendants Ahmad and Hassan are Defendant Mohammed's sons.

15. Defendant Ahmad has authority to and does hire, fire, and supervise employees, set the hours and compensation of employees, and otherwise acts directly and indirectly in the interest of Defendant Pick 99C in relation to its employees, and is an "employer" of the employees within

the meaning of Section 3(d) of the FLSA and is a "person" within the meaning of Section 3(a) of the FLSA.

16. Defendant Hassan has authority to and does hire, fire, and supervise employees, set the hours and compensation of employees, and otherwise acts directly and indirectly in the interest of Defendant ABC Deals in relation to its employees, and is an "employer" of the employees within the meaning of Section 3(d) of the FLSA and is a "person" within the meaning of Section 3(a) of the FLSA.

17. Defendant Mohammed has authority to and does hire, fire, and supervise employees, set the hours and compensation of employees, and otherwise acts directly and indirectly in the interest of Defendants ABC Deals and Pick 99C in relation to its employees, and is an "employer" of the employees within the meaning of Section 3(d) of the FLSA and is a "person" within the meaning of Section 3(a) of the FLSA.

18. Defendants ABC Deals and Pick 99C share employees.

19. Defendant ABC Deals has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an "employer" of the employees within the meaning of Section 3(d) of the FLSA and is a "person" within the meaning of Section 3(a) of the FLSA.

20. Defendant Pick 99C has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an "employer" of the employees within the meaning of Section 3(d) of the FLSA and is a "person" within the meaning of Section 3(a) of the FLSA.

**Defendants' Interference with the Secretary's Investigation
and Retaliation Against Employees for Cooperating**

<u>Wage Hour Division's Investigation</u>

21. In April 2022, the Wage and Hour Division ("Wage Hour") of the Department initiated an investigation into Defendants' pay and recordkeeping practices pursuant to Section 11(a) of the Act.

22. On or about April 12, 2022, Wage Hour made a visit to ABC Deals and Pick 99C to hold an initial conference with Defendants where Wage Hour, among other things, discussed Defendants' FLSA obligations, requested Defendants' payroll and time records and employee contact information, and spoke with employees.

23. During this visit, Ibrahim Mohammed, a manager for ABC Deals and Pick 99C, claimed that employees were paid 1.5 times their hourly rate when they work over forty hours a week but that most employees only work three to four days a week.

<u>Defendants' Unlawful Retaliation and Obstruction</u>

24. On May 3, 2022, Defendants' certified public accountant, Aamir Yaqoob ("CPA Yaqoob") told Wage Hour that Defendants had no time or payroll records prior to April 12, 2022, but that Defendants began creating and maintaining the required records after the initial conference.

25. On May 6, 2022, CPA Yaqoob provided falsified time records to Wage Hour. These records falsely showed employees worked from only 9:00am to 2:00 pm, and no employee worked more than forty hours in a week. Next, the records falsely indicated that all employees at both stores stopped working at 6:30 pm on May 25, 2022 even though Wage Hour observed several employees working until 8:00 pm at both stores. Finally, all of the records appeared to be completed in the same handwriting.

26. On June 16, 2022, Wage Hour held a final conference with Defendants and presented its findings, including that Defendants were in violation of the FLSA's overtime provisions, and a summary of unpaid wages due to their employees. Defendants disputed the Departments' investigative findings and stated they would obtain letters from employees that would show they had not committed any overtime violations.

27. On June 23, 2022, Defendants submitted several statements to Wage Hour and claimed that each statement was personally written and signed by individual employees. The statements purported to show that employees did not work more than forty hours per week, were paid their proper wages, and that the employees made the statements willingly and without any pressure to do so.

28. Defendants wrote the employee statements themselves and falsely understated the number of hours each employee worked to show that none of the employees worked more than forty hours in a week. The typed statements contained sentences that were nearly identical and the letters were all written in English

29. Defendant Mohammed pressured employees to sign the false statements by becoming upset and insistent that they sign them when an employee indicated they were hesitant to do so, and instructed employees to lie to the Department by saying they wrote the letters themselves. .

30. Following Defendants initial conference with Wage Hour and throughout the investigation, Defendant Mohammed has repeatedly instructed employees that if they were ever questioned by the Department, they should lie by saying that they did not work overtime hours and were paid the proper wages, and to assist Defendants by informing them of anything Wage Hour told the employees.

31. On at least one occasion, Mohammed made threatening statements about employees who cooperate with the Department.

32. As a result of Defendants' unlawful actions, many employees Wage Hour has attempted to contact have either declined to accept or return phone calls. Moreover, employees have expressed fear that they would be subject to retaliation if they continue to cooperate with the investigation.

33. Defendants' retaliation and obstruction have significantly impacted and interfered with the Department's efforts to obtain the honest cooperation of vulnerable, low-wage workers, thereby impacting the Secretary's ability to investigate and enforce the law.

34. As a result of Defendants' actions, a reasonable employee would be dissuaded from engaging in activities protected under the Act, such as cooperating with an investigation by the Secretary into violations of the FLSA.

## **FIRST CAUSE OF ACTION**
**(Retaliation Against Employees in Violation of the FLSA)**

35. The Secretary incorporates by reference and re-alleges all foregoing allegations of the Complaint.

36. Defendants have violated and are violating Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by retaliating and discriminating against employees for engaging, or preparing to engage, in activity that is protected by the FLSA, by, among other things:

   a. Directing employees to report to Defendants anything they learn from the Department;

   b. Pressuring employees to sign statements that falsely state that they do not work more than forty hours in a week and then submitting those statements to the Department;

c. Directing employees to lie to the Department;

d. Making threatening statements about employees who cooperate with the Department.

37. As a result of the threats and obstructions set forth above, a reasonable employee would be dissuaded from engaging in protected activity, such as cooperating fully with Wage Hour or testifying in a proceeding.

38. As a result of the threats and obstructions set forth above, many of Defendants' employees are scared to fully cooperate with Wage Hour investigators or testify at trial, because they are concerned about possible retaliation.

39. As a result of the threats and obstruction set forth above, many of Defendants' employees have refused to speak to Wage Hour investigators.

40. Defendants' threats and obstruction have also interfered with Wage Hour's ability to compute the extent of back wages owed.

41. Defendants continue to engage in willful, coercive and intimidating behavior in violation of Section 15(a)(3) of the Act.

## SECOND CAUSE OF ACTION
### (Obstruction of the Secretary's Investigation in Violation of the FLSA)

42. The Secretary incorporates by reference and re-alleges all foregoing allegations of the Complaint.

43. Defendants have violated and are violating the provisions of Section 11(a) of the FLSA, 29 U.S.C. § 211(a), by obstructing the Secretary's investigation into Defendants' compliance with the FLSA, by, among other things:

a. Providing false information to the Department;

b. Pressuring employees to sign statements that falsely state that they do not work more than forty hours in a week and then submitting those statements to the Department;

c. Directing employees to lie to the Department;

d. Directing employees to report to Defendants anything they learn from the Department;

e. Creating false records by requiring employees to sign statements stating they do not work over forty hours per week;

f. Creating false time records that purport to show that no employees work more than forty hours per week;

g. Retaliating against employees for cooperating with Wage Hour, outlined below in the Second Cause of Action.

44. Such conduct undermines the Secretary's ability to conduct a full investigation into Defendants' compliance with the Act.

45. Defendants' interference with the Secretary's investigation and the investigative provisions of the FLSA is willful and continuing.

**WHEREFORE**, cause having been shown, Plaintiff respectfully requests this Court enter judgment against Defendants providing the following relief:

1. An injunction issued pursuant to section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concern or participation with Defendants, from violating the provisions of section 15(a)(3) of the Act;

2. An injunction issued pursuant to section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concern or participation with Defendants, from violating the provisions of section 11(a) of the Act;

3. An injunction issued pursuant to section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concern or participation with Defendants, from taking any of the following actions because an employee or former employee has engaged in, or is about to engage in, protective activity under the Act:

    a. Terminating or threatening to terminate and/or lay off any employee;

    b. Intimidating, coercing, threatening, or retaliating or discriminating in any other way against any current or former employee;

    c. Withholding or threatening to withhold wages from any employee or former employee;

    d. Reporting or threatening to report any employee or former employee to immigration authorities;

    e. Retaliating or discriminating against employees or former employees in any other way;

4. An injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, servants, employees, and those person in active concern or participation with Defendants, from telling anyone who works for them not to speak to representatives of the Secretary or to provide false information to the Secretary regarding the terms and conditions of their employment;

5. An injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, servants, employees, and those person in active concern or

participation with Defendants, from obstructing the Secretary's investigation in any way, including:

   a. Requiring or requesting employees to sign time and pay records containing false, misleading, or inaccurate information;

   b. Creating or submitting false documents to the Department of Labor

6. An injunction pursuant to section 17 of the Act requiring that at least seven days prior to any termination of any employee for any reason, Defendants shall provide a written notice to the Wage and Hour Division of the U.S. Department of Labor;

7. An injunction pursuant to Section 17 of the act restraining Defendants and their agents from communicating with any employee for the purposes of investigating plaintiff's claims, preparing a defense, gathering evidence or executing declaration, without first informing the employee, in writing with written translation into that employee's primary language, about the nature and existence of this suit, that such communications are voluntary and that employees cannot be discriminated or retaliated against in any way;

8. Ordering Defendants to permit representatives of the Secretary to read aloud in English, Spanish, and any other language understood by the majority of Defendants' employees, during employees' paid working hours and in the presence of Defendants Ahmad Perwaiz, Hassan Perwaiz, and Mohammed Perwaiz, the following statement to all employees employed at ABC Deals and Pick 99C:

> **You are protected by the Fair Labor Standards Act and have the right to participate freely in the U.S. Department of Labor's investigation and litigation. You have the right to speak freely with investigators, attorneys, or other officials from the Department of Labor. It is illegal for your employer to fire you, withhold wages, reduce your wages or your hours, threaten to call immigration authorities, or otherwise retaliate against you for speaking to the**

**Department of Labor or testifying as a witness in this matter. All employees have the right to be lawfully paid for the work they perform, regardless of race, ethnicity, or immigration status.**

**The U.S. District Court for the Eastern District of New York has ordered ABC 31st Street Inc., doing business as ABC Deals, Astoria 99C Inc., doing business as Pick 99C, and anyone acting on their behalf to cease coercing, retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening employees for providing information to the Department of Labor.**

9. Ordering Defendants to post the above statement in English, Spanish, and any other language understood by the majority of Defendants' employees, with contact information for representatives of the Secretary in a conspicuous location at each store that they operate and permit the Secretary to provide each employee with the same;

10. For an Order awarding compensatory and punitive damages for Defendants' retaliation against certain current and former employees in violation of section 15(a)(3) of the Act;

11. For an Order awarding Plaintiff the costs of this action; and

12. For an Order granting such other and further relief as may be necessary and appropriate.

DATED:   July 5, 2022
         New York, New York

                                              SEEMA NANDA
Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

/s/ *Peter F. Kellett*
PETER F. KELLETT
Trial Attorney

U.S. Department of Labor
Office of the Solicitor
201 Varick Street, Room 983
New York, NY 10014

Tel: 646.264.3616
Fax: 646.264.3660
kellett.peter.f@dol.gov
NY-SOL-ECF@dol.gov

*Attorneys for Plaintiff, Secretary of Labor*