UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARTIN J. WALSH, Secretary of Labor, United
States Department of Labor,

Plaintiff,

v.

ABC 31ST STREET INC. d/b/a ABC DEALS;
ASTORIA 99C INC. d/b/a PICK 99C; AHMAD
PERWAIZ; HASSAN PERWAIZ; MOHAMMED
PERWAIZ,

Defendants.

**MEMORANDUM AND ORDER**
22-CV-3920 (LDH)

LASHANN DEARCY HALL, United States District Judge:

Plaintiff Martin J. Walsh, Secretary of the United States Department of Labor (the "Secretary") commenced this action against ABC 31st Street Inc. d/b/a ABC Deals, Astoria 99C Inc. d/b/a Pick 99C, Ahmad Perwaiz, Hassan Perwaiz, and Mohammed Perwaiz (collectively, "Defendants") on July 6, 2022. (Compl., ECF No. 1.) The Secretary asserts claims under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq*. The same day, the Secretary moved pursuant to Federal Rule of Civil Procedure 65 and Section 17 of FLSA for a temporary restraining order ("TRO") and an order to show cause why a preliminary injunction should not issue enjoining Defendants from their unlawful obstruction and retaliatory conduct in violation of the investigation and anti-retaliation provisions of the FLSA. (ECF No. 5.)

The Secretary alleges substantial retaliatory and obstructive conduct committed by Defendants in the course of the Department of Labor's investigation. Specifically, a Wage Hour Investigator, Justin Mahabir ("WHI Mahabir") initiated an investigation of ABC Deals and Pick 99C in Astoria, New York in April 2022. (Declaration of Justin Mahabir ("Mahabir Decl."),

ECF No. 5-3 ¶ 11.)  In a meeting with Defendants, Defendants represented that employees were paid overtime wages, and that most employees only worked three to four days per week.  (*Id.* ¶¶ 14-15.)  After the meeting, Defendants submitted falsified time records demonstrating that no employee had worked more than forty hours per week.  (*Id.* ¶¶ 16-20.)  Defendant Mohammed also repeatedly instructed employees to lie about their hours and to inform Defendants of anything the Department of Labor told employees.  (*Id.* ¶ 30.)  After the Department presented its findings concerning wage and hour violations, Defendants disputed the claims and submitted written statements signed by individual employees purporting to show that the employees did not work more than forty hours per week, were paid their proper wages, and were not pressured to sign the statement.  (*Id.* ¶ 24.)  WHI Mahabir determined that the statements were false, that Defendant Mohammed had pressured employees to sign statements, and that he became upset and insistent with employees who hesitated to sign the statements.  (*Id.* ¶ 28.)  Additionally, WHI Mahabir learned that Defendant Mohammed made threatening statements about employees who cooperate with the Department's investigation.  (*Id.* ¶ 30.)  Employees have expressed fear of retaliation if they cooperate with the Department and have declined WHI Mahabir's phone calls.

"It is well established in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction."  *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).  Therefore, a TRO should be granted only where the moving party establishes (1) a likelihood of success on the merits, (2) a likelihood that it will suffer irreparable harm if a preliminary injunction is not granted, (3) that the balance of hardships tips in its favor, and (4) that the public interest is not disserved by relief.  *See JBR, Inc. v. Keurig Green Mtn, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015) (outlining standard for preliminary injunction).  A hearing on a TRO or

preliminary injunction is unnecessary when a court can decide the motion based on the papers before it.  *See Redac Project 6426, Inc. v. Allstate Ins. Co.*, 402 F.2d 789, 790 (2d Cir. 1968) ("[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it.").  The Court finds a TRO hearing unnecessary here based on the substantial evidence annexed to the Secretary's motion, including testimony and documentary evidence concerning the alleged retaliation, obstruction, and falsification of records.

Upon the Declaration of Justin Mahabir, dated July 5, 2022, the Declaration of Peter Kellett dated July 5, 2022, and the Secretary's Memorandum of Law in Support of a Temporary Restraining Order and Order to Show Cause, it is ORDERED that, pending the hearing of the Secretary's application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, all Defendants and their agents, and all those in active concert and participation with them, are temporarily restrained and enjoined as follows:

1.  Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, are enjoined from violating the provisions of section 15(a)(3) of FLSA;

2.  Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, are enjoined from violating the provisions of Section 11(a) of FLSA;

3.  Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, are enjoined from taking any of the following actions because an employee or former employee has engaged in, or is about to engage in, protective activity under FLSA:

3

    a.   Terminating or threatening to terminate and/or lay off any employee;

    b.   Intimidating, coercing, threatening, retaliating, or discriminating in any other way against any current or former employee;

    c.   Withholding or threatening to withhold wages from any employee or former employee;

    d.   Reporting or threatening to report any employee or former employee to immigration authorities;

    e.   Retaliating or discriminating against employees or former employees in any other way;

4. Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, are enjoined from telling anyone who works for them not to speak to representatives of the Secretary or to provide false information to the Secretary regarding the terms and conditions of their employment;

5. Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, are enjoined from obstructing the Secretary's investigation in any way, including:

    a.   Requiring or requesting employees to sign time and pay records containing false, misleading, or inaccurate information;

    b.   Creating or submitting false documents to the Department of Labor;

6. Defendants shall, at least seven days prior to any termination of any employee for any reason, provide a written notice to the Wage and Hour Division of the U.S. Department of Labor;

7.  Defendants and their agents are enjoined from communicating with any employee for the purposes of investigating plaintiff's claims, preparing a defense, gathering evidence or executing declarations, without first informing the employee, in writing with written translation into that employee's primary language about the nature and existence of this suit, that such communications are voluntary and that employees cannot be discriminated or retaliated against in any way;

8.  Defendants shall permit representatives of the Secretary to read aloud in English, Spanish, and any other language understood by the majority of Defendants' employees, during employees' paid working hours and in the presence of Defendants Ahmad Perwaiz, Hassan Perwaiz, and Mohammed Perwaiz, the following statement to all employees employed at ABC Deals and Pick 99C:

> **You are protected by the Fair Labor Standards Act and have the right to participate freely in the U.S. Department of Labor's investigation and litigation.  You have the right to speak freely with investigators, attorneys, or other officials from the Department of Labor.  It is illegal for your employer to fire you, withhold wages, reduce your wages or your hours, threaten to call immigration authorities, or otherwise retaliate against you for speaking to the Department of Labor or testifying as a witness in this matter.  All employees have the right to be lawfully paid for the work they perform, regardless of race, ethnicity, or immigration status.**
>
> **The U.S. District Court for the Eastern District of New York has ordered ABC 31st Street Inc., doing business as ABC Deals, Astoria 99C Inc., doing business as Pick 99C, and anyone acting on their behalf to cease coercing, retaliating against, threatening to retaliate against, intimidating, attempting to influence, or in any way threatening employees for providing information to the Department of Labor.**

9.  Defendants shall post the above statement in English, Spanish, and any other language understood by the majority of Defendants' employees, with contact information for representatives of the Secretary in a conspicuous location at each

store that they operate and permit the Secretary to provide each employee with the same.

It is further ORDERED that Defendants show cause before this Court on July 28, 2022, at 11:30 a.m. via videoconference, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining all Defendants and their agents, and all those in active concert and participation of this action, in the manner set forth in numbered paragraphs 1–9 above.

It is further ORDERED that, personal service of a copy of this order and annexed declarations upon the Defendants on or before 5:00 p.m., July 11, 2022, shall be deemed good and sufficient service thereof.

SO ORDERED.

Dated: Brooklyn, New York            /s/ LDH_____
      July 7, 2022                           LASHANN DEARCY HALL
                                 United States District Judge